

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

C O P Y

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion O-3454
Re: What is the law governing
the number of deputies of
the sheriff of Gregg County
and what is the minimum and
maximum salary of his dep-
uties, and related county
questions?

Your recent request for an opinion of this de-
partment on the question stated herein has been received.

We quote from your letter as follows:

"Prior to the Federal Census of 1940 Gregg
County had a population of 15,778 and according
to the 1940 census taken the county has a popula-
tion of 58,027. According to the last approved
tax roll the county has a tax evaluation of
$106,500.00. The county is on a salary basis
by order of the Commissioners' Court.

"What is the law governing the number of
deputies of the sheriff and what is the minimum
and maximum salary of his deputies? (There is a
special law allowing 14 deputies for the sheriff
of this county.)

"What is the salary of the County Commis-
sioners for this county and what expense for car
and other expense may be legally allowed the
Commissioners? (There is a special law on ex-
penses which allows them $50.00 per month.)

"What is the salary of the county auditor
of this county? (There is a law providing $4,200.00

with certain population and valuation bracket.)

"What is the salary of the Judge of this county?

"What is the salary of the County Superintendent of Schools and expenses allowable?

"There have been pending bills relating to some of these officers and expenses in the present legislature but I do not know if any of them have been passed."

Article 6869b, Vernon's Annotated Civil Statutes, is not applicable to Gregg County as this statute applied only to those counties having a population of less than twenty thousand inhabitants according to the last preceding Federal Census and having a property valuation in excess of one hundred million dollars, according to the approved State and county tax rolls for the preceding year. The number of deputies to which the sheriff is entitled is fully discussed in our Opinion No. O-12, which we are enclosing for your information. The minimum and maximum salaries of such deputies is governed by Section 3, of Article 3902, Vernon's Annotated Civil Statutes, which provides in effect that in counties having a population of 37,501 and not more than 60,000 inhabitants the salary of the first deputy shall not exceed $2100.00 per annum and the salary of other deputies shall not exceed $1800.00 per annum each. It is apparent that the above mentioned section of Article 3902 provides a maximum salary for the deputies as above stated but it does not fix any minimum salary. Therefore, the maximum salary of the deputies of the sheriff is the maximum of $2100.00 per annum for the first deputy and $1800.00 per annum for the other deputies. The minimum salary of all such deputies is not fixed by law but may be determined by the Commissioners' Court.

In reply to your second question, your attention is directed to Article 2350, Vernon's Annotated Civil Statutes, which provides, among other things, that the salaries of the county commissioners in counties having assessed valuations of more than seventy-eight million and one dollars and less than one hundred and thirty million dollars as shown by the total assessed valuations of all property certified by the county assessor and approved by the commissioners' court for county purposes, for the previous

year, the county commissioners of such county shall each receive annual salaries not to exceed thirty-four hundred dollars per annum each. Your attention is called to Article 2350c, Vernon's Annotated Civil Statutes, which provides in part that all counties having an assessed valuation of all taxable property of one hundred million dollars or more, based on the approved tax rolls of the year 1923, the county commissioners may each receive a salary of $3600 per annum each. According to the last approved tax roll Gregg County had a total assessed valuation of one hundred six million five hundred thousand dollars. We do not think Article 2350c, supra, has any application to the question under consideration. It is our opinion that the salaries of the county commissioners of Gregg County are controlled by Article 2350, supra, and the salaries of such commissioners cannot exceed $3400 per annum each. After careful search of the statutes we have been unable to find any special or general law authorizing county commissioners in counties having a population and the assessed valuation of property as Gregg County, allowing any expense whatsoever for such commissioners in the conduct of their office.

With reference to your third question you are advised that the salary of the county auditor of Gregg County is governed by Article 1645, Vernon's Annotated Civil Statutes, which provides in effect that the county auditor shall receive as compensation for his services $125.00 for each million dollars, or major portion thereof, on the assessed valuation, the annual salary to be computed from the last approved tax rolls; said annual salary from county funds shall not exceed three thousand six hundred dollars. In this connection, it is to be noted that Article 1645e-1 provides in part: "That in every county in this state having a population of less than thirty-three thousand according to the last preceding Federal Census, and having assessed property valuation of more than eighty million dollars, according to the last approved tax rolls, the compensation of each county auditor shall not exceed $4200.00. "This statute is not applicable to Gregg County as the population of such county is more than thirty-three thousand inhabitants according to the 1940 Federal Census.

In answer to your fourth question, you are advised that the salary of the county judge is fixed by the provisions of Article 3912e, Section 13, Vernon's Annotated Civil Statutes, which provides in effect that each of said officers named in the statutes which includes the county

judge, shall be paid in money an annual salary in twelve
equal installments of not less than the total sum earned
as compensation by him in his official capacity for the
physical year 1935 and not more than the maximum amount al-
lowed such officer under laws existing on August 24, 1935.
The minimum and maximum salary of the county judge is fixed
by the above mentioned provision of Article 3912e and it
is within the discretion of the commissioners' court to do-
termine the salary of the county judge, provided, the min-
imum is not less than the total sum earned as compensation
by him in his official capacity for the physical year 1935
and that the maximum salary is not more than the amount al-
lowed such officer under laws existing on August 24, 1935.

We now consider your fifth question. There are
numerous statutes regarding the salaries and office expenses
of county superintendents in the various counties. We fail
to find any statute providing the salary and office expenses
of a county superintendent of a county having the population
of Gregg County. Therefore, it is our opinion that the salary
and office expenses of the County Superintendent of Gregg
County are provided by Article 2700, Vernon's Annotated Civil
Statutes. As we do not have the scholastic population of
such county we cannot determine the exact amount of salary
that the County Superintendent is entitled to under such
statute. However, after the scholastic population has been
determined the amount of the salary of the county superintend-
ent can easily be ascertained under the above mentioned statute.
The amount of the traveling expenses and expenditures for the
office shall not exceed $300.00 per annum.

Trusting that the foregoing fully answers your
inquiry we are

Yours very truly

AW:DM

ATTORNEY GENERAL OF TEXAS

By S/Ardell Williams, Assistant

APPROVED MAY 14, 1941
BY S/GROVER SELLERS

FIRST ASSISTANT ATTORNEY GENERAL

WJF

APPROVED OPINION COMMITTEE

BY S/_____
CHAIRMAN